UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05249-SVW-JC | Date | January 25, 2024 |
|---|---|---|---|
| Title | David J. DiMaria v. Arcis Golf LLC et al | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs: N/A        Attorneys Present for Defendants: N/A

**Proceedings:**        ORDER TO SHOW CAUSE

Count 1 is a Breach of Contract claim. Dkt. 15 ("SAC"), ¶¶ 34–44. The Court believes that Count 1 should be dismissed.

Under California law, the determination of whether to admit parol evidence follows a two-step process. *Hervey v. Mercury Cas. Co.*, 110 Cal. Rptr. 3d 890, 895 (2010). "First, the court provisionally receives (without actually admitting) all credible evidence concerning the parties' intentions to determine 'ambiguity,' i.e., whether the language is 'reasonably susceptible' to the interpretation urged by a party. If in light of the extrinsic evidence the court decides the language is 'reasonably susceptible' to the interpretation urged, the extrinsic evidence is then admitted to aid the second step—interpreting the contract." *Id.* (internal quotations and citation omitted). But "if the court considers the contract language and the evidence the parties have presented and concludes that the language is reasonably susceptible to only one interpretation," the parol evidence is not admissible, and the court can dismiss on the pleadings "if the evidence can properly be considered under Rule 12(b)(6)." *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1017 (9th Cir. 2012).

Here, the breach of contract claim alleges that "Plaintiff filled out a form membership application (wherein the parties agreed Plaintiff would not receive, review, or be subject to the refenced bylaws in the form application)." SAC ¶ 35. But Plaintiff admits that he signed a written agreement—the form membership application—which stated he "had received, read, and understood the Club's bylaws." *See* SAC ¶¶ 22, 24, 78. The Membership Application also states that "Refunds of Member's Initiation Fee, if the membership category allows a refund of all or a portion of the Initiation Fee, are subject to

                                                                                              :
                                                                                    _____
                                        Initials of Preparer
                                                                                         PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05249-SVW-JC | Date | January 25, 2024 |
|---|---|---|---|
| Title | *David J. DiMaria v. Arcis Golf LLC et al* | | |

the terms, conditions, and restrictions set forth in the Bylaws."[1] Dkt. 33-6 at 2–3.

This language is not reasonably susceptible to the Plaintiff's proffered meaning. The language unambiguously states that the bylaws apply to the refund process, and that the Club's bylaws applied to the applicant. The allegation that the parties orally agreed that the bylaws would not apply to Plaintiff does not help show that any of this language is ambiguous.

The Court thus finds that the Membership Application unambiguously stated that Plaintiff was subject to the bylaws and that the refund process was governed by said bylaws. Because the written agreement was clear, the Club did not breach any contract to Plaintiff stating that the refund process was as Plaintiff alleged.

**The Court therefore ORDERS Plaintiff to show cause** in writing why Count 1 should not be dismissed in light of the foregoing.

**Plaintiff shall file a Response to this Order to Show Cause within 14 days of this order.** Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the dismissal of Count 1.

**IT IS SO ORDERED.**

---

[1] The Court can properly consider the Membership Application, Exhibit D in CLP's Request for Judicial Notice in Support of its Motion, because it is incorporated by reference in the complaint, and its authenticity is not questioned. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |